UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                  Case No. 08-cr-007-01-SM

Wanjira Taliaferro

**O R D E R**

The defendant, Wanjira Taliaferro, appears to request a sentence reduction based upon the 2008 amendment to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (doc. no. 68). For the reasons stated below, the motion to reduce sentence is necessarily denied.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusted downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provided a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances. This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated. The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which she is presently incarcerated, it is determined that she is not eligible to seek a reduced sentence under this amendment. On May 12, 2009, the defendant pled guilty to the following counts: Count I--Distribution of a Controlled Substance (cocaine base "crack") in violation of 21 U.S.C. § 841(a)(1); Count IV--Possession of a Controlled Substance (cocaine base "crack") with Intent to Distribute in a quantity of greater than fifty (50) grams in violation of 21 U.S.C. § 841(a)(1); and Count V--Conspiracy to Distribute a Controlled Substance (cocaine base "crack") in a quantity of greater than fifty (50) grams in violation of 21 U.S.C. §§ 846 and 841(a)(1). The presentence report determined the defendant's total offense level to be 27 and her criminal

history category to be III, which resulted in a guideline imprisonment range of 57 to 108 months. Pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), the defendant was subject to a ten (10) year mandatory minimum sentence based on the charge of possessing more than fifty (50) grams of cocaine base with the intent to distribute. Additionally, because she faced the prospect of being deemed a second time offender, the defendant was at risk to receive a mandatory minimum sentence of twenty (20) years of incarceration. Pursuant to a binding plea agreement, the defendant agreed to a fifteen (15) year term of imprisonment.

By order dated September 1, 2009, this court noted that a fifteen (15) year sentence was too severe under the circumstances in this case. As a result, the court asked the government to consider withdrawing from the plea agreement and to present a sentencing offer "substantially below" the proposed fifteen (15) year sentence. The court made this request, in part, based upon the fact that the Department of Justice, consistent with the position of the Obama Administration, had publicly declared a change in policy and approach both to the powder-crack cocaine disparity and mandatory minimum sentences.

Ultimately, after extensive briefing on this issue, the court refused to accept the plea agreement at a sentencing hearing on February 16, 2010. After the defendant declined the

court's offer to withdraw her guilty plea, the defendant was sentenced to a mandatory minimum sentence of (10) years on each of the three (3) counts, to be served concurrently, with five (5) years of supervised release.

Based on this record, the defendant is not entitled to any sentence reduction based on the 2008 retroactive crack cocaine amendment. First, on the date of her sentencing the 2008 amendment was in place and impacted the defendant's guideline imprisonment range of 57 to 108 months. Because the defendant was subject to a statutory minimum mandatory ten (10) year penalty, however, the statutory guideline range became 120 months. Thus, pursuant to USSG §1B1.10(a)(2)(B), the 2008 crack cocaine amendment did not have the effect of lowering the defendant's applicable guideline range.

Although she does not make the argument, for similar reasons the defendant is not entitled to a sentence reduction based upon the 2010 cocaine base ("crack cocaine") amendments to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The 2010 amendments apply to sentences, such as the defendants, which were imposed prior to November 1, 2011. Nonetheless, the policy statement governing retroactive application of the guideline amendment, USSG § 1B1.10, does not authorize a reduction in

4

statutory minimum penalties. Application Note 1(A) to Section 1B1.10 confirms that conclusion: "[A] reduction in the defendant's term of imprisonment is not authorized . . . [if the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." Thus, like the 2008 amendment, the 2010 retroactive crack base guideline amendment has no application to the statutory provision for which the defendant was sentenced because she was subject to the statutory minimum mandatory ten (10) year penalty provision.

For the foregoing reasons, the defendant's motion to reduce sentence (doc. no. 68) is denied.

**SO ORDERED.**

Date: June 12, 2013

_____
Steven J. McAuliffe
United States District Judge

cc: Wanjira Taliaferro, pro se
    Seth R. Aframe, Esq.

5